**FILED**
2020 Sep-28  PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Robert Earl Council
*Plaintiff*

*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

Case No. 2:20-CV-1439-LCM-JHE
*(to be filled in by the Clerk's Office)*

Jeremy Pelzer, etc (see Attach)
*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

I.      **The Parties to this Complaint**

A.      **The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

Name                              *Robert Earl Council*
All other names by which
you have been known:
ID Number                         *181418*
Current Institution               *Donaldson*
Address                           *100 Warrior Lane*
                                  *Bessemer*            *Al*        *35023*
                                  City                  State       Zip Code

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed
below are identical to those contained in the above caption. For an individual defendant, include the
person's job or title *(if known)* and check whether you are bringing this complaint against them in their
individual capacity or official capacity, or both. Attach additional pages if needed

Defendant No. 1

Name                              *Jeremy Pelzer*
Job or Title *(if known)*         *Correctional Sergeant*
Shield Number
Employer                          *ADoC*
Address                           *Limestone C.F. 28779 Nick Davis Rd*
                                  *Harvest*             *Al*        *35749-7009*
                                  City                  State       Zip Code
                                  ☑ Individual Capacity    ☐ Official Capacity

Defendant No. 2

Name                              *Dustin Brewer*
Job or Title *(if known)*         *Correctional Officer I*
Shield Number
Employer                          *ADoC*
Address                           *Limestone C.F. 28779 Nick Davis Rd*
                                  *Harvest*             *Al*        *35749-7009*
                                  City                  State       Zip Code
                                  ☑ Individual Capacity    ☐ Official Capacity

2

Defendant No. 3

Name _Denise Mckenzie_

Job or Title *(if known)* _Correctional Captain_

Shield Number

Employer _ADoC_

Address _Limestone C.F. 28779 Nick Davis Rd_
_Harvest_____AL_____35749-2009_
　　　　　City　　　　　　　State　　　　Zip Code

☑ Individual Capacity　　☐ Official Capacity

Defendant No. 4

Name _Stephen Langford_

Job or Title *(if known)* _Correctional Captain_

Shield Number

Employer _ADoC_

Address _Limestone C.F. 28779 Nick Davis Rd._
_Harvest_____AL_____35749-2009_
　　　　　City　　　　　　　State　　　　Zip Code

☑ Individual Capacity　　☐ Official Capacity

## II.　Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.　Are you bringing suit against *(check all that apply)*;

　　☐　Federal officials (a *Bivens* claim)

　　☑　State or local officials (a § 1983 claim)

B.　Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? _1st and 14th Amendment Rights_

3

C.  Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attachment

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐  Pretrial Detainee

☐  Civilly committed detainee

☐  Immigration detainee

☑  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other
     *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

See Attachment

4

C.   What date and approximate time did the events giving rise to your claim(s) occur?

_October 29, 2019_

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*

_(See Attachment_

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

_None Physical_

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_(See Attachment_

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Limestone C. F._

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do Not Know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover ·some or. all of your claims?

☐ Yes

☑ No

☐ Do Not Know

If yes, which claim(s)?

_____

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance

1. Where did you file the grievance?

_____

2. What did you claim in your grievance?

_____

3. What was the result, if any?

_____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

_____

_____

_____

_____

_____

_____

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

<u>ADOC does not have a Grievance System</u>

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

<u>(see Attachment</u>

   3.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐  Yes

☑  No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐  Yes

☑  No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  _____

Defendant(s)  _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐  Yes

☐  No

If no, give the approximate date of disposition.  _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

**IX.**     **Certification and Closing**

Under Federal Rule of Civil-Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

**Printed Name of Plaintiff**      Robert Earl Council

**Prison Identification #**      181418

**Prison Address**      100 Warrior Lane

Bessemer          AL          35023

|          City          |          State          |          Zip Code          |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    9/21/2020
          (Date)

Signature of Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Robert Earl Council,

Plaintiff,

vs.                                    Case No. _____

Jeremy Pelzer, Dustin Brewer
Denise McKenzie, Stephen Langford,
Deborah Toney, Scarlette Robinson,
Cheryl Price, Jefferson Dunn;
all in their individual capacity,

Defendants.

JURY TRIAL DEMANDED

## COMPLAINT.

This is a Civil Rights action filed by Robert Earl Council,
[Hereinafter Council] a State prisoner, for damages and injunc-
tive relief under 42 U.S.C. 1983, alleging Retaliation, in viola-
tion of the First Amendment to the U.S. Constitution and con-
finement in segregation in violation of the Due Process Clause
of the Fourteenth Amendment to the U.S. Constitution.

## JURISDICTION.

1. The Court has jurisdiction over Plaintiff's claims of
federal constitutional rights under 42 U.S.C. 1331(1) and 1343.
2. The Plaintiff also invokes the supplemental jurisdiction of

this Court for State law claims that arise from the same set
of facts and circumstances under 28 U.S.C. 1367.

3. Venue is proper pursuant to 28 U.S.C. 1367(b), in that the
events giving rise to Plaintiff's claims occurred in Limestone
County, which fall into the Northern District of Alabama juris-
diction.

## PARTIES.

4. Plaintiff Robert Earl Council, was incarcerated at Limestone
Correctional Center during the events described in this complaint.
5. Defendant Jeremy Pelzer is a Correctional Sergeant employed
at Limestone Correctional Center. He is being sued in his
individual capacity.

6. Defendant Dustin Brewer is a Correctional Officer employed
at Limestone Correctional Center. He is being sued in his
individual capacity.

7. Defendant Denise McKenzie is a Correctional **Captian employed**
at Limestone Correctional Center. She is being sued in her
individual capacity.

8. Defendant Stephen Langford is a Correctional Captian employed
at Limestone Correctional Center. He is being sued in his
individual capacity.

9. Defendant Deborah Toney is the Warden at Limestone Correctional
Center and is responsible for reviewing all administrative
appeals of Disciplinary charges filed by Limestone inmates.

-2-

She is being sued in her individual capacity.

10. Defendant Scarlette Robinson is the Deputy Warden for Security at Limestone Correctional Center and is in charge of the Supervision and discipline of all correctional staff at Limestone Correctional Center. She is being sued in her individual capacity.

11. Defendant Cheryl Price is employed as the ADOC Institutional Coordinator, responsible for overseeing the operations at Limestone Correctional Center. She is being sued in her individual capacity.

12. Defendant Jefferson Dunn is the **ADOC** Commissioner. He is responsible for the daily operations of ADOC. To assure that the Mission Statements of the ADOC are carried out and upheld to the highest standards.

## FACTS.

13. In March of 2019, due to a 9 day Hunger Strike, extensive media coverage, exposing ADOC coruption and political actions, Plaintiff was transferred to Limestone Correctional Center.

14. In April of 2019, Plaintiff contacted National Lawyers Guild, ADOC I & I Coruption Division and several medial outlets, in regards to the inhumane "Bucket-detail" and an Extortion and Illegal Gambling Operation, involving Captian Patrick Robinson and Defendant Jeremy Pelzer.

15. In July of 2019, Plaintiff assisted inmate Travis Griggs in filing a Lawsuit against Defendant Jeremy Pelzer, for assaulting Griggs while in handcuffs, then falsifying charges against Griggs.

-3-

16. In September of 2019, Defendant Jeremy Pelzer told inmate
Darius Mabry that he knew that Plaintiff was trying to get him
fired and if he didn't stop, Plaintiff would regret it because
he knew where the Plaintiff's girlfriend lived.


## CONSTITUTIONALLY PROTECTED ACTIVITIES.

17. On or about October 21, 2019, Defendant Jeremy Pelzer sent
several officers to shakedown and "take all money" from inmates
Bobby Gibert, Juan Martinez, Daniel Williams and Plaintiff's
cellmate, Juan Caples, because they didn't get permission to
operate a  slick pic  betting ticket like the other operators.
18. Defendant Jeremy Pelzer confiscated over $2,500 worth of
canteen items from the group, upon request of the group for a
itemization of their confiscated property, refused to follow
ADOC protocol of issuing a 338-A property sheet to each individual.
19. After learning all of the details from Plaintiff's cellmate,
Juan Caples, Plaintiff was very vocal about the incident amounting
to a Theft Of Property, without a 338-A Form being issued and
informed several officers that this violated the law and Plaintiff
was going to make sure I&I did something about Defendant Jeremy
Pelzer's actions.
20. On or about October 28, 2019 Plaintiff instructed Juan
Caples and Bobby Gilbert to contact their families about the
situation, then call the I&I Coruption Hotline to make an

-4-

official complaint. I&I Investigators schedule an appointment
for October 31, 2019.

21. On or about October 28, 2019 Plaintiff contacted several
media outlets and Human Rights groups, in regards to the ac-
tions of Defendant Jeremy Pelzer and further informed them
**that** his actions were part of an Extortion and Illegal Gambling
Operation being carried out by Defendants Jeremy Pelzer,
Denise McKenzie and Stephen Langford.

### RETALIATION.

22. On October 29, 2019, inmate Segregation Barber, Larry Jones
was taken to the Shift Office after being caught attempting to
ßumggle contraband out of the segregation unit.

23. Defendant Jeremy Pelzer took inmate Larry Jones to a seclude
area, where he choked Jones and stated: "I want Robert Council...
I'm tired of this bastard and all his lawsuits. You are going to
help me get him away from here."

24. Defendant Jeremy Pelzer **walked** into the Shift Office for
several mintues, then he and Defendant Dustin Brewer returned to
the secluded area, at which time Defendant Jeremy Pelzer handed
inmate Jones a pen and writing pad. As Defendant Dustin Brewer
pulled out his baton, Defendant Jeremy Pelzer stated to inmate
Larry Jones: "You are going to validate Robert Council as your
enemy. You will do it or get fucked up, wrote up and then thrown
in Seg. for a long time."

-5-

25. Defendant Jeremy Pelzer, then told inmate Larry Jones
exactly what to write in order to validate Plaintiff as his
enemy. Then, Defendant Jeremly Pelzer stated: "Jones, classifica-
tion will call you up there to talk to you about this and you
better not mention what happened or change a thing or I will fuck
you up. I promise."

26. Defendant Jeremy Pelzer, then gave Defendant Dustin Brewer
an envelope with five(5) strips of paper in it and instructed
him to go shakedown Plaintiff's cell and "find this in his property,
so we can lock him up."

27. Defendant Dustin Brewer and Officer Brandon Cotram came to
Plaintiff's cell, then instructed Juan Caples and Plaintiff to
step out of the cell, so they could conduct a search of the cell.

28. After approximately 30 mintues, Officer Brandon Cotram con-
cluded his search af Juan Caples property, while Defendant Dustin
Brewer, for the third time, began reading through Plaintiff mail.
Officer Cotram walked to the cell door, partially obstructing
Plaintiff's view of the interior of the cell.

29. As Officer Cotram was standing in the door area of the cell,
Plaintiff observed Defendant Dustin Brewer fumbling inside his
pocket with a white piece of paper. At which time, Plaintiff
confronted Defendant Dustin Brewer and repeatedly questioned,
"What are you doing? Wha's that in your hand?" Plaintiff then
yelled into the open dormitory, requesting to see a Supervisor.

-6-

30. Sergeant Charles Thompson, who was inside the dormitory talking to another Officer, came to Plaintiff's cell as requested. At which time, Plaintiff and Juan Caples explained what had just transpired. Rather than investigate into Defendant Dustin Brewer's actions, he instructed Officer Cotram to place Plaintiff in handcuffs and taken to segregation for being disorderly.

31. Three (3) hours later, Plaintiff was served a Disorderly Conduct Behavior Citation, for confronting Defendant Dustin Brewer, while he attempted to place contraband into Plaintiff's property.

## FALSE CHARGES.

32. On October 30, 2019, Defendant Dustin Brewer served Plaintiff a Disciplinary for Possession of Contraband. (Plaintiff never saw the alleged contraband nor was it presented at the subseqent Disciplinary Hearing)

33. On October 31, 2019, based upon the coerced statement of inmate Larry Jones, Defendant Jeremy Pelzer served Plaintiff a Disciplinary alleging Plaintiff, organized the STG 62 Brim to distribute drugs at Limestone C.F."

34. As a result of Defendant's Jeremy Pelzer and Dustin Brewers false charges, Plaintiff was stripped of phone and visitation priviliges for 150 days; and held in Segregation for 7 months.

-7-

## DELIBERATE INDIFFERENCE.

35. On November 7, 2019, Plaintiff filed a Complaint to Defendants Deborah Toney, Scarlette Robinson, Denise McKenzie and Stephen Langford detailing the unlawful and unconstitutional actions of Defendants Jeremy Pelzer and Dustin Brewer as well as demanding an I&I Investigation. No action was taken.

36. On January 6, 2020, Plaintiff filed another Complaint to Defendants Deborah Toney, Scarlette Robinson, Denise McKenzie and Stephen Langford requesting an I&I Investigation into the actions of Defendants Jeremy Pelzer and Dustin Brewer. No action was taken.

37. On January 9, 2020, Attorney David Gespass sent a letter to Defendant Cheryl Price informing her of the situation involving Plaintiff and requesting her to intervene. No Action was taken.

38. On January 17, 2020, Plaintiff filed a Complaint to Defendant Jefferson Dunn, outlining the actions of Defendnats Jeremy Pelzer and Dustin Brewer; and the failure of the Limestone Administration to properly investigate and address the issue. No Action was taken.

## RETALIATION CONTINUES.

39. On January 21, 2020, Plaintiff was scheduled to be released from segregation, however, based upon the coerced statement of inmate Larry Jones, Defendants Scarlette Robinson, Stephen Langford and Krisite Obenchana submitted an Enemy Validation Request for Plaintiff and inmate Larry Jones, as a means to hold Plaintiff in segregation indefinitely.

-8-

40. On January 24, 2020, inmate Larry Jones submitted an affidavit attesting that he and Plaintiff were not enemies and had no problem living together in General Population.

41. On January 27, 2020, Plaintiff sent a letter with Larry Jones affidaivt attached, to Classification Division disputing allegations of being enemy to Larry Jones. Plaintiff's letter was disregarded and Enemy Validation was approved.

42. On April 4, 2020, Plaintiff filed a Complaint to Defendants Deborah Toney, Scatlette Robinson, Denise McKenzie and Stephen Langford requesting an investigation of the False Enemy Validation, No Action was taken.

43. On May 15, 2020, Plaintiff was transferred from Limestone·

## CLAIM FOR RELIEF.

44. The actions of defendants Jeremy Pelzer and Dustin Brewer to coerce inmates to make charges and place Plaintiff in segregation to impede his constitutionally protected actions was done maliciously and constituted retaliation in violation of the 1st, 8th and 14th Amendments of the U.S. Constitution.

45. The failure of Defendants Toney, Robinson, McKenzie, Langford, Price and Dunn to take disciplinary or other action to address retalitory actions by Defendants, Pelzer and Brewer constituted deliberated indifference to Plaintiff's constitutional rights and contributed to the above-described violation of 1st, 8th and 14th Amendment Rights.

-9-

## RELIEF REQUESTED.

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. the retaliatory actions of Defendants Pelzer and Brewer violated Plaintiff's rights under the 1st, 8th and 14th Amendment to the U.S. Constitution.

2. Defendant's Toney, Robinson, McKenzie Langford, Price and Dunn failure to take actions to address the retaliatory actions of defendants Pelzer and Brewer violated Plaintiff's rights under the 1st, 8th and 14th Amendment to the U.S. Constitution.

B. Issue an injunction ordering Defendant Toney to:

1. Expunge all disciplinary convictions associated with the above described retaliatory actions from Plaintiff's institutional record.

C. Award Nominal Damages in the following amount:

$1 Jointly and severally against defendants Pelzer and Brewer, Toney, Robinsons, McKenzie, Langford, Price and Dunn

D. Punitive Damages in the following amount:

1. $5,000 against defendant Pelzer

2. $3,000 against defenant Brewer

3. $2,000 each against defendants Toney, Robinson, McKenzie and Langford

-10-

4. $1,00 each against defendants Price and Dunn.

DATE: _25th_ DAY OF SEPTEMBER, 2020.


Respectfully submitted,

X _____

ROBERT EARL COUNCIL


CERTIFICATE OF SERVICE.

I hereby certify that I have served the foregoing pleading on
the Court Clerk this 25th day of September 2020 by placing them in
the care of the U.S. Mail at W.E. Donaldson Correctional Facility.

EXECUTED ON SEPTEMBER 25th, 2020

X _____

ROBERT EARL COUNCIL


-11-